KENNEDY, Circuit Judge:
 

 Placer Savings and Loan Association (Placer) appeals the district court’s order affirming the bankruptcy court’s allocation of a real estate commission on the bankruptcy estate’s sale of real property. The principal question is whether a nonbank-rupt co-owner of property that exercises a right of first refusal under 11 U.S.C. § 363(i) to purchase a bankrupt’s interest and retain the property is liable for its pro rata share of sales costs under 11 U.S.C. § 363Cf). We conclude the co-owner may be ordered to pay its pro rata share of such costs, and we affirm.
 

 When the debtor here filed for voluntary relief under Chapter 11 of the Bankruptcy Code, he owned an undivided 18.35 percent interest in an apartment complex in Foster City, California. Appellee Leo Lugliani also owned an undivided 18.35 percent interest in the property, and Anthony and Jeannette Xuereb owned an undivided 63.3 percent interest. The debtor filed an adversary complaint seeking a judgment under 11 U.S.C. § 363(h) authorizing him to sell 100 percent of the property, including the interests of Lugliani and the Xuerebs. Placer purchased the Xuerebs’ interest with knowledge of the pending case and intervened in the adversary proceeding, joining the request for sale. The bankruptcy court authorized the bankruptcy trustee, who had been substituted for the debtor when the case was converted to a Chapter 7 proceeding, to sell the property.
 

 In the meantime the bankruptcy trustee had obtained an ex parte order from the bankruptcy court authorizing him to retain a brokerage firm for the purpose of selling the property. The agreement with the brokerage firm provided for the payment of a commission to the firm of 2.5 percent of the first $5.5 million of the purchase price, plus 10 percent of any amount over $5.5 million; in the event the property was purchased by a co-owner, the agreement provided that no commission would be due on the first $5.5 million of the purchase price.
 

 The bankruptcy trustee then applied to sell the property to a third party for $7.4
 
 *1369
 
 million. Pursuant to 11 U.S.C. § 363(i), Placer exercised its right of first refusal and elected to purchase the entire property itself. The bankruptcy court confirmed the sale to Placer and later allocated the $190,-000 sales commission among the bankruptcy trustee, Lugliani, and Placer in direct proportion to their ownership interests pri- or to the sale. The district court affirmed both the sale and the allocation of the commission.
 

 Placer’s initial argument on appeal appears to be a question of first impression: Where a co-owner purchases the entire property, is it required to pay a percentage of the selling costs in proportion to the interest it already owned? Placer claims that the lower courts erred in charging it 63.3 percent of the real estate commission; the commission, it argues, should be borne only by Lugliani and the bankruptcy trustee, the true selling parties who relinquished their interest. Placer contends that apportionment of costs under section 363(j) applies to section 363(g) and 363(h) transactions only, and not to section 363(i), under which it elected to purchase to preserve its interest. These statutes are quoted in the margin.
 
 [1]
 

 Section 363 governs the rights of parties in liquidating the bankruptcy estate’s fractional interest in property owned jointly by the bankruptcy estate and the nonbankrupt co-owners. Subsection (h) permits the trustee, subject to limitations not relevant to the case at bar, to effect a forced sale of property in which the debtor and the other co-owners have an undivided interest. Subsection (i) permits a co-owner of the property to purchase it from the trustee at the same price as the trustee otherwise intended to sell it to the third party. Subsection (j) directs the trustee to distribute the net proceeds of a sale made pursuant to subsections (g) and (h) to the property’s co-owners, after the payment of costs and expenses, according to the interests of all the co-owners. We interpret this subsection to provide that, at least absent exceptional circumstances, the costs of sales transacted pursuant to subsections (g) or (h) are to be allocated pro rata among the co-owners of the property sold.
 
 See
 
 2
 
 Collier on Bankruptcy
 
 ¶ 363.10, at 363-37 to -38 (L. King 15th ed. 1986).
 

 Placer is correct in its assertion that subsection (j) makes explicit reference to sales made pursuant to subsections (g) and (h), and not subsection (i). But subsection (i) sales are a type of subsection (h) sale. It follows that the commission must be allocated pro rata among the three co-owners pursuant to subsection (j). The plain
 
 *1370
 
 language of subsection (i) contemplates that the property involved be transferred pursuant to subsections (g) or (h). Subsection (i) states that “[bjefore the consummation of a sale of property to which subsection (g) or (h) of this section applies ... a co-owner of such property ... may purchase such property at the price at which such sale is to be consummated.” 11 U.S.C. § 863(i). The subsection refers to the transfer of the entire interest in the property, and subsection (h) provides the only statutory authority for a trustee to sell an entire property free of the interests of nondebtor co-owners.
 

 Placer disputes this result and argues that a forced sale of a nondebtor co-owner’s interest in real property is analogous to a bankruptcy trustee’s sale of property free and clear of a lien pursuant to 11 U.S.C. § 363(f). Even if the situations were analogous, Placer’s argument is not helpful to its case because a lienholder must pay its share of the bankruptcy trustee’s direct costs of sale.
 
 In re Hull,
 
 311 F.Supp. 197, 202-03 (E.D.Cal.1970) (quoting
 
 In re Williams’ Estate,
 
 156 F. 934, 939 (9th Cir.1907)); 2
 
 Collier on Bankruptcy, supra,
 
 ¶ 363.07, at 363-32 to -33.
 

 Appellant further claims that the result we reach is inequitable because, if Placer must pay 63.3 percent of the real estate commission, Lugliani and the bankruptcy trustee will receive a windfall they would not receive if a third party had purchased the property instead. Placer argues that if the property had been sold to a third party, the total commission would have been $327,500, and Lugliani and the trustee in bankruptcy would each have been charged 18.35 percent of that figure, or $60,096.25 apiece; because Placer purchased the property, Lugliani and the trustee in bankruptcy were each charged only $34,865. The so-called windfall, however, benefits Placer as much as it benefits Lugliani and the trustee in bankruptcy. All of the parties to the real estate transaction knew that the agreement with the brokerage firm provided for a substantially lower commission should the property be purchased by a co-owner. Placer also knew the details of the transaction, having purchased its 63.3 percent share of the property after the bankruptcy case had commenced and it was clear the property was to be sold, and it approved the sale of the property. There is no inequity, therefore, in ruling that Lugliani and the trustee in bankruptcy need pay only their pro rata share of the commission when Placer exercised its right of purchase.
 

 Finally, Placer argues that the bankruptcy court’s issuance of the ex parte order authorizing the retention of the brokerage firm and the commission agreement violated Placer’s right to procedural due process. 11 U.S.C. § 327 authorizes the trustee to obtain ex parte approval to employ real estate agents. It would seem in the ordinary bankruptcy case that a co-owner should receive notice of such ex parte proceedings. Whether lack of notice presents a procedural due process issue is a substantial question, but one that is not presented on the facts of this case. Placer was given notice of the ex parte order about the time or shortly after the order was entered. But Placer failed to object either upon learning of the order or at a subsequent hearing it attended on the appropriateness of the commissions established by the brokerage agreement. In these circumstances the ex parte order did not violate Placer’s right, for it had an opportunity to object before the property was sold or, at the very least, before the court allocated the commission.
 

 The decision of the district court affirming the bankruptcy court's allocation of the commission is AFFIRMED.
 

 [1]
 

 . 11 U.S.C. § 363(h) (1982 & Supp.1984) states:
 

 Notwithstanding subsection (f) of this section, the trustee may sell both the estate’s interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
 

 (1) partition in kind of such property among the estate and such co-owners is impracticable:
 

 (2) sale of the estate’s undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
 

 (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
 

 (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.
 

 11 U.S.C. § 363(i) (1982) states:
 

 Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor’s spouse immediately before the commencement of the case, the debtor’s spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.
 

 11 U.S.C. § 363(j) (1982 & Supp.1984) states:
 

 After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.